THE PEOPLE OF THE STATE OF NEW YORK ex rel., AUGUST ENGEL, v. THE JUSTICES OF THE COURT OF SPECIAL SESSIONS.

*Indecent assault and battery — what sufficient to establish it in the case of young girls.*

To sustain a conviction for an indecent assault and battery upon young girls, under twelve years of age, it is not necessary to establish positive resistance on their part, it is sufficient if their persons were indecently interfered with, without their actual assent.

CERTIORARI to the court of Special Sessions of the city and county of New York, to review the conviction of the relator of an indecent assault and battery upon the person of a young girl.

*William F. Howe*, for the relator.

*Benj. K. Phelps*, district attorney.

DANIELS, J. :

The offence for which the prisoner was convicted, was that of an indecent assault and battery upon the person of a girl who had not then arrived at the age of twelve years. It appeared that his place of business at the time was on Third avenue, in the city of New York. The testimony of the girl was that the assault took place at that establishment. She put the time as about the 7th of May, 1878, and in the fact that the prisoner then occupied this place, she was corroborated by the testimony of another girl about a year older than herself, who was also in the habit of visiting him at his place of business. He testified that he left there about the 1st of March, 1878, and for that reason it was claimed that the evidence of the complaining witness was not reliable as to the other facts stated by her in the course of her examination. But upon this subject the preponderance of the testimony was against the prisoner, for the evidence given by his own clerks, indicated the existence of the probability that he continued to transact his business at the place where the assault is stated to have been committed, up to, and including the time mentioned by the complaining witness.

PEOPLE ex rel. ENGEL v. SPECIAL SESSIONS.        331

FIRST DEPARTMENT, JULY TERM, 1879.

In support of the writ issued to review his conviction, it has been further urged by his counsel that the assault was committed upon her person with her assent, but the evidence does not sustain that position.   Her testimony is, in effect, that he manipulated the under part of her clothing, and held her hands so that she could not move them, when he had the door of the room locked in which they were.   She further stated that she pushed him away, and told him to stop, when he put his hands down her person, and tried to loosen her drawers ; that he took off a portion of her clothing and put his foot up to keep down her limbs, and she said that she told him that she would tell her father if he removed her drawers, and when he proceeded further she told him to stop, and cried, but he did not stop.   This evidence very plainly shows that, at the most, she simply submitted to what he had then the power of doing with her person ; and in that respect her testimony is sustained by the evidence of another girl; who was with her upon some of the occasions when she visited the plaintiff's place of business.   She says that the prisoner tried to take liberties with the complainant, and she told him to stop.   The evidence of these two witnesses was further sustained by one of the other girls who frequented this place, at the instance of the prisoner, with the complainant.   The testimony of all of them is that they were in the habit of going there by his invitation, and that he, from time to time, gave them money, and indecently handled their persons. His own testimony, and that of his two clerks who were sworn as witnesses in his behalf, also confirmed the existence of the facts that these girls visited his place and repeatedly received money from the prisoner.

But he denied positively having made any assault upon the person of the complainant.   But upon that subject the burden of the testimony was against him, and, although he was shown to be a person of general good character, the proof was still sufficient to justify the justices in finding him guilty as they did.   Within all the authorities, the testimony of the complainant showed that an assault and battery had been committed upon her by the prisoner. With girls so young as this one it has not been required, in order to sustain a conviction for an indecent assault, that evidence of positive resistance should be given in the case.   It is enough to

332 PEOPLE ex rel. ENGEL v. SPECIAL SESSIONS.

First Department, July Term, 1879.

constitute the offence, that the person is submitted to the acts of the party against whom the complaint is made.

The distinction may be a slight one, between submission and implied assent, but it nevertheless exists, and is sustained in cases of this description by the authorities. Young girls, without knowledge, or experience, of the enormity of outrages of this nature, cannot be expected to make the same degree of resistance to them that others would be inclined to, having a proper appreciation of the injury they would cause to their persons, and their positions in society. They are more especially for that reason within the necessary protection of the law, and where persons take advantage of their ignorance and inexperience for the purpose of violating, outraging, or indecently interfering with their persons, and no actual assent is given to the act, an offence against it is committed. Upon this subject it has been held that if a master take indecent liberties with a female scholar without her consent, though she do not resist, he will be guilty of a common assault. (Nichols' Case, Russell & Ry., 130; Roscoe on Crim. Ev. [5th Am. ed.], 287, and see other cases there cited; Day's Case, 38 E. C. L. [9 C. & P., 722], 419; Regina v. Case, 1 English Law and Equity, 544.)

The evidence, within the rule established by these authorities, was not only sufficient to justify, but beyond that it required the prisoner's conviction. And, while the punishment imposed upon him was severe, it was no more so than his offence deserved, and the protection of unsuspecting and confiding girls required. It appeared that the prisoner had been for months in the practice of inducing these girls to frequent his place of buisness for improper and immoral purposes, and as the commission of this offence was properly established by evidence, it was the duty of the court to punish him for it, with such a degree of severity as would tend to prevent its repetition by himself as well as others. It has been urged that the execution of the sentence should have been stayed, upon the information given by him that he intended to secure a review of the conviction; but it does not appear that he was at the time ready to become bound with sureties as the statute required, to entitle him to a stay, and for that reason it cannot be held that the justices improperly refused his request. But if it could, this is not the remedy for a correction of the error. It did not affect

PEOPLE ex rel. EGAN v. MARINE COURT.    333

First Department, July Term, 1879.

the conviction, as that had already become complete, and it was supported by the evidence given in the case.

It was a matter to be redressed, if at all, in another way, if the Court of Special Sessions did improperly refuse to stay the execution of the sentence. There is nothing in the case which would justify the interference of this court in the prisoner's behalf, but on the contrary, it is its duty to him, as well as the community, that the conviction should be affirmed.

· 'Brady and Ingalls, JJ., concurred.

Conviction affirmed.